IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN MILLER, #26134, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:23-cv-00052 |
| v. | ) ) ) | JUDGE RICHARDSON |
| ALEX WATLINGTON, *et al.*, | ) ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Jonathan Miller, a pretrial detainee in the custody of the Rutherford County Sheriff's Office in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Officer Alex Watlington and "Town of Smyrna, Tennessee," alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). He also filed a Motion to Appoint Counsel (Doc. No. 3) and a Motion for Writ of Mandamus (Doc. No. 5).

**I. SCREENING OF THE COMPLAINT**

A. PLRA SCREENING STANDARD

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require [courts] to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED IN THE COMPLAINT

The complaint alleges the following facts:

On July 4, 2022, while merging onto Interstate 24 East from Sam Ridley Parkway, Plaintiff was pulled over by officers of the Smyrna Police Department (SPD). SPD Officer Alex Watlington told Plaintiff that Watlington had been dispatched to a domestic violence altercation and was made aware of a vehicle matching Plaintiff's vehicle description. According to Officer Watlington,

Plaintiff's girlfriend told police that Plaintiff had choked her. Plaintiff told Officer Watlington that "there was a physical altercation only after [his girlfriend] attacked him [Plaintiff] and hit him . . . ." (Doc. No. 1 at 6). Officer Watlington then arrested Plaintiff for driving under the influence. Plaintiff was brought before a magistrate and informed that he (Plaintiff) also had been charged with aggravated assault.

On October 11, 2022, at Plaintiff's preliminary hearing, Officer Watlington testified that he brought the aggravated assault charge against Plaintiff based on the victim's account of the incident, an unidentified eyewitness, and "red marks" around the victim's neck. (*Id*.) Officer Watlington had not taken any photographs of the victim. Officer Watlington "never mentioned" reviewing footage that was readily available via the apartment complex's security cameras. (*Id*.) The grand jury dismissed the aggravated assault charge and returned an indictment of simple domestic assault. According to Plaintiff, as a result of "the felony charge," he has lost months of employment and his mental health has severely declined. (*Id*.) Plaintiff's state criminal proceedings appear to be ongoing.

As relief, Plaintiff seeks compensatory damages in the amount of $15,000 and punitive damages in the amount of $85,000. (*Id*. at 7).

D. ANALYSIS

The complaint names three Defendants to this action: Officer Watlington in his individual capacity, Officer Watlington in his official capacity, and the Town of Smyrna. (Doc. No. 1 at 2). The complaint asserts two claims under Section 1983: false arrest and violation of due process. (*Id*. at 5).

1. *Claim against Officer Watlington in his individual capacity*

First, the complaint asserts a false arrest claim under the Fourth Amendment against Officer Watlington. (Doc. No. 1 at 5). The Fourth Amendment to the United States Constitution requires probable cause to justify arresting an individual. *Barton v. Martin*, 949 F.3d 938, 950-51 (6th Cir.

2020). "A police officer has probable cause only when he [or she] discovers reasonably reliable information that the suspect has committed a crime." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000). Whether probable cause exists depends on "the totality of the circumstances," and whether the arresting officer had knowledge "at the moment of arrest" that was "sufficient to lead a prudent person to believe" the arrestee "had committed an offense." *D.D. v. Scheeler*, 645 F. App'x 418, 424 (6th Cir. 2016) (citing *Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010)). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).

Here, construing the pro se complaint liberally, the Court finds that Plaintiff has stated a potentially colorable Fourth Amendment claim for false arrest against Officer Watlington in his individual capacity.[1] However, it appears that the state criminal proceedings related to the arrest that forms the basis of Plaintiff's Fourth Amendment claim are still underway. Thus, the Court finds it appropriate to stay Plaintiff's Fourth Amendment false arrest claim pending the resolution of the state criminal proceedings arising from Plaintiff's July 2022 arrest. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487-88 n.8 (1994)) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *see also Burley v. Arnold*, No. 3:21-cv-00326, 2021 WL 3115159, at

---

[1] Notably, however, if probable cause exists for *any* of the charged offenses, a Fourth Amendment claim for false arrest will fail. *See Fineout v. Kostanko*, 780 F. App'x 317, 328 (6th Cir. 2019) ("If probable cause exists to arrest the suspect for any of the charged offenses, then the false arrest claim must fail."); *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005) ("To the extent probable cause exists for any one of these charges, the arrest was lawful and our analysis is complete."); *Freeman v. Troutt*, 2012 WL 2565070, *9 (M.D. Tenn. June 29, 2012) ("Within the Sixth Circuit, when a plaintiff is arrested on multiple charges at the same time, he does not have a claim for false arrest if probable cause exists for at least one of the charges on which plaintiff was arrested."); *Wright v. City of Euclid*, 962 F.3d 852, 873 (6th Cir. 2020) (same).

*5 (M.D. Tenn. July 22, 2021) (staying plaintiff's Fourth Amendment claims "pending the resolution of the ongoing state criminal proceedings arising from Plaintiff's April 2021 arrest.").

The Court notes that if Plaintiff's state criminal proceedings are not resolved in his favor, the Fourth Amendment claim asserted in this case may face obstacles under the *Heck* doctrine. Under *Heck*, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck*, 512 U.S. at 487). Thus, if Plaintiff is convicted in state court, and a favorable ruling in this case would necessarily invalidate his conviction(s), "*Heck* will require dismissal." *Wallace*, 549 U.S. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)). Otherwise, this action may proceed, "absent some other bar to suit." *Id*.

Next, the complaint alleges that Officer Watlington violated Plaintiff's "due process" rights under the Fourteenth Amendment. (Doc. No. 1 at 5). Presumably, Plaintiff intends to raise a substantive due process claim. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. Substantive due process "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." *Sutton v. Cleveland Bd. of Educ*., 958 F.2d 1339, 1350 (6th Cir. 1992). A substantive due process claim requires the plaintiff to allege (1) a constitutionally protected property [or liberty] interest that (2) was deprived by arbitrary and capricious state action. *MSI Regency, Ltd. v. Jackson*, 433 F. App'x 420, 429 (6th Cir. 2011).

However, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'"

*Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, the Fourth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his false arrest claim. Thus, the standard applicable to that source, the Fourth Amendment right to be free from arrest without probable cause, and not the more generalized notion of substantive due process, should be applied. *See Pharr v. Brown*, No. 2:21-cv-156, 2022 WL 601095, at *8 (W.D. Mich. Mar. 1, 2022) (finding that, where the Eight Amendment provides an explicit source of constitutional protection to plaintiff concerning his deliberate indifference claim, the Eighth Amendment should be applied rather than the more generalized notion of substantive due process); *Pryor v. Coffee Cnty., Tenn.*, No. 4:20-cv-00014-SKL, 2022 WL 131251, at *14 (E.D. Tenn. Jan. 12, 2022) (finding that, where the Fourth Amendment provides an explicit source of constitutional protection for plaintiffs concerning their excessive force and unreasonable seizure claims, "such claims will be dismissed given Plaintiffs' concessions these claims are properly brought under the Fourth Amendment, not as separate claims for violations of their substantive due process rights."). Consequently, Plaintiff's separate substantive due process claim against Office Watlington in his individual capacity will be dismissed.

2. *Claims against Officer Watlington in his official capacity and against the Town of Smyrna*

Next, the complaint alleges false arrest and due process claims against Officer Watlington in his official capacity and against the Town of Smyrna. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978). Thus, an official capacity claim against an individual "is, in all respects other than name, to be treated as a suit against the [governmental] entity" of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "It is not a suit against the

official personally, for the real party in interest is the entity." *Id*. Where the entity itself is named as a defendant, an official capacity claim is redundant. *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014); *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x. 322, 327 (6th Cir. 2013). Consequently, district courts within the Sixth Circuit frequently dismiss as superfluous official capacity claims brought in suits where the municipal entity is also named as a defendant. *See, e.g., Epperson v. City of Humboldt, Tenn.*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015) (citing *Buckner v. Roy*, No. 2:15-cv-10441, 2015 WL 4936694, at *6 (E.D. Mich. Aug. 18, 2015); *Horn v. City of Covington*, No. 14-73-DLB-CJS, 2015 WL 4042154, at *3 (E.D. Ky. July 1, 2015)).

Here, because the Town of Smyrna has been named as a Defendant, Plaintiff's official capacity claims against Officer Watlington in his official capacity are superfluous. Those claims will be dismissed.

When a Section 1983 claim is made against a municipality or county, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A local government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir.1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir.1993).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v.*

*Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Here, the complaint does not identify or describe any of the Town of Smyrna's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the Town of Smyrna on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state claims for municipal liability under Section 1983 against the Town of Smyrna. Consequently, Plaintiff's claims against the Town of Smyrna will be dismissed.

## II. MOTIONS

Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 3). He states that he is unable to afford counsel. (*Id*. at 1).

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Plaintiff's financial circumstances are typical of most pro se prisoner litigants. *See Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent, legally untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an application for leave to proceed in forma pauperis and supporting documents, a motion seeking counsel, and motion for writ of mandamus. The Court finds that Plaintiff is effectively representing his own interests to date. *See, e.g., Flores v. Holloway*, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the Court finds that the interests of justice do not require the appointment of counsel at this time. Plaintiff's motion for the appointment of appoint counsel (Doc. No. 3) therefore will be denied without prejudice. Plaintiff may file a subsequent motion to appoint counsel if circumstances warrant at a later time.

Plaintiff also filed a Motion for Writ of Mandamus. (Doc. No. 5). In that motion, he asks the Court for assistance in obtaining his certified inmate trust account statement. (*Id*. at 1). The Court has

received Plaintiff's statement. (Doc. No. 7). Therefore, the Motion for Writ of Mandamus will be denied as moot.

### III. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's allegations state a potentially colorable Fourth Amendment false arrest claim under Section 1983 against Officer Watlington in his individual capacity. However, this claim will be stayed pending the resolution of Plaintiff's ongoing state criminal proceedings arising from Plaintiff's July 2022 arrest.

By contrast, Plaintiff's substantive due process claim under Section 1983 against Officer Watlington in his individual capacity will be dismissed.

Plaintiff's Section 1983 claims against Officer Watlington in his official capacity are duplicative of Plaintiff's claim against the Town of Smyrna. Those claims, therefore, also will be dismissed.

Further, Plaintiff's Section 1983 claims against the Town of Smyrna fail to state claims upon which relief can be granted. Those claims and the Town of Smyrna will be dismissed.

Finally, Plaintiff's Motion to Appoint Counsel (Doc. No. 3) will be denied, and Plaintiff's Motion for Writ of Mandamus (Doc. No. 5) will be denied as moot.

An appropriate Order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE